# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jonathan Pichardo, | ) | Case No. 8:23-mj-2596 AEP |
| Carlos Miguel Castano Garcia, | ) | |
| Eusebio Veroni | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of December 23, 2023, in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b). | While aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Dana A. Rocque, Special Agent, CGIS
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 12/28/23

*Judge's signature*

City and state: Tampa, FL          ANTHONY E. PORCELLI
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### Introduction and Agent Background

1. I, Dana A. Rocque, am a Special Agent with the Coast Guard Investigative Service (CGIS) and currently assigned to the Tampa Office. I have been employed by CGIS since August 2013. I have conducted numerous criminal drug investigations of both domestic and international drug trafficking organizations involved in the manufacturing, distribution, and possession of controlled substances such as cocaine.

2. I am assigned as a Special Agent to Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate transnational criminal organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

3. Based on my training and experience, I am familiar with the means and methods narcotics traffickers use to transport, import, and distribute illicit drugs. I am also familiar with the support and assistance that narcotics organizations require

to conduct their illegal activities and have become knowledgeable about the criminal statutes of the United States, particularly, the narcotics statutes.

## Statutory Authority

4. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

  a. **Jonathan PICHARDO**

  b. **Carlos Miguel CASTANO GARCIA**

  c. **Eusebio VERONI**

all of whom are foreign nationals, for knowingly and willfully conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(ii).

5. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

6. The United States Coast Guard has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the

high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## Probable Cause

7. On or about December 23, 2023, while on routine patrol in the Caribbean Sea, the USCG located a go-fast vessel ("GFV") approximately 80 nautical miles Southeast of Guayama, Puerto Rico, in international waters. The United States Coast Guard Cutter ("USCGC") RICHARD DIXON diverted to investigate the GFV. With assistance from the USCG Sector San Juan, the USCGC RICHARD DIXON launched a small boat with a USCG boarding team onboard to investigate the vessel.

8. Upon approach, the RICHARD DIXON small boat observed the occupants of the GFV jettison packages consistent with cocaine bales. These bales were later recovered by USCG personnel in the jettison field.

9. Once the RICHARD DIXON small boat gained positive control of the GFV, the boarding team identified the following crewmembers on board the suspect GFV as **Jonathan PICHARDO**, **Carlos Miguel CASTANO GARCIA**, and **Eusebio VERONI.**

10. No registration number, no vessel name, no homeport, nor any painted-on markings were observed by the USCG boarding team. The boarding team identified the master of the vessel, **Jonathan PICHARDO**, who made no claim of nationality for the vessel. The USCG then assimilated the GFV as stateless and

subject to the laws of the United States.  The USCG boarding team subsequently conducted a law enforcement boarding of the GFV.

11.   The boarding team observed suspected contraband within the vessel. The USCG boarding team conducted two tests of the contraband utilizing narcotic identification kits that were positive for the presence of cocaine.  The contraband recovered onboard the GFV and within its jettison field by the USCG boarding team consisted of approximately 440 kilograms cocaine.  The USCG boarding team seized the cocaine and detained the three crewmembers. The stateless GFV was sunk in place due to being a navigational hazard.

## Conclusion

12. Based upon the foregoing information, I respectively submit that probable cause exists to believe that **Jonathan PICHARDO**, **Carlos Miguel CASTANO GARCIA**, and **Eusebio VERONI**, while aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. §§ 960(b)(1)(B)(ii).

*Dana A Rocque*
_____
Dana A. Rocque
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 28th day of December, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge